IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the Western District of New York.

Date Filed: 8/31/05
Rodney C. Early, Clerk

By: [signature] Deputy

UNITED STATES OF AMERICA :

: 05-CR-172-S

-v-

:

BRAHIM BOUCHAIB,



Defendant.

:

FILED
AUG 31 2005
CLERK, US DISTRICT COURT, WDNY
CELEBRATING 100 YEARS OF SERVICE TO WESTERN NEW YORK
1900-2000

**PLEA AGREEMENT**

The defendant, BRAHIM BOUCHAIB, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count III of the Indictment which charges a violation of Title 18, United States Code, Section 1001(a)(2) (knowingly, willfully and unlawfully making false statements and representations with the jurisdiction of executive branch of the Government of the United States) which carries a maximum possible sentence of a term of imprisonment of 5 years, a fine of $250,000, or both, a mandatory $100 special assessment and a term of supervised release of at least 2 years and up to 3 years. The defendant understands that the penalties set

forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.



## II. <u>SENTENCING GUIDELINES</u>

3. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## <u>ELEMENTS OF THE CRIME</u>

4. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

1. That on or about June 13, 2005, the defendant made a material statement or representation;

2. That the statement or representation was false, fictitious or fraudulent;

3. That the false, fictitious or fraudulent statement or representation was made knowingly and willfully; and



4. That the statement or representation was made in a matter within the jurisdiction of executive branch of the Government of the United States.

**FACTUAL BASIS**

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a) On June 13, 2005, Joint Terrorism Task Force members Special Agent Matthew Meyer of the Immigration and Customs Enforcement (ICE) agency and Special Agent Michael Hickok of the Federal Bureau of Investigation interviewed the defendant, Brahim Bouchaib, at the Federal Detention Facility in Batavia, New York. At the time, Special Agents Meyer and Hickok were conducting an ongoing investigation of Algerian men who had used fraudulent foreign passports to illegally enter the United States in the 1990s. This investigation began in August 2003, when Pierre Van Der Keijl was prosecuted in this District for lying to federal agents regarding his knowledge about Algerian men, specifically Sebti Haoua and Lyes Lekkat, illegally entering the United States using false foreign passports.

When Special Agent Meyer questioned the defendant regarding his entry into the United States, the defendant replied that he illegally entered the United States at Houston, Texas in January 1999, after paying to be smuggled aboard a ship that departed from Algeria. At the time that the defendant made this statement, he knew it was false. Because the special agents did not believe the defendant, they continued to question him. Later in the interview, the defendant admitted that he, in fact, illegally entered the United States on or about August 16 or 17, 1997, utilizing a fraudulent French passport in the name of Mustapha Chaa. According to the defendant, the year of birth on the passport was either 1965 or 1966. A subsequent check of ICE records showed that an individual named "Mustarpha Chaa," date of birth October 18, 1965, entered the United States on August 15, 1997.



The defendant's false statement regarding his entry into the United States was material to Special Agent Meyer's and Special Agent Hickok's investigation into several Algerian men who have entered the United States utilizing false foreign passports. As such, the agents would have wanted to know Bouchaib's true method of entry into the United States. The information was also material because Special Agent Meyer needed the information to determine what specific immigration charge to lodge against the defendant.

b) The parties agree that the Immigration and Customs Enforcement agency and the Federal Bureau of Investigation are part of the executive branch of the Government of the United States.

**BASE OFFENSE LEVEL**

6. The government and the defendant agree that Guidelines § 2B1.1(a) applies to the offense of conviction and provides for a base offense level of 6.



**ACCEPTANCE OF RESPONSIBILITY**

7. At sentencing, the government agrees to recommend that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of 4.

**CRIMINAL HISTORY CATEGORY**

8. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

**GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT**

9. It is the understanding of the government and the defendant that, with a total offense level of 4 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 0 to 6 months, a fine of $250 to $5,000 and a period of supervised release of 2 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.



10. The government and the defendant agree to recommend that the defendant be sentenced within the Sentencing Guidelines range set forth above. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations.

11. On the condition that there are no sentencing factors disputes, the government will not oppose a request by the defendant to have his sentence imposed when the Presentence Investigation Report is released to the parties.

## III. STATUTE OF LIMITATIONS

12. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to knowingly and willfully making material false, fictitious or fraudulent statements or representations in a matter within the jurisdiction of the government of the United States, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.



## IV. ALIEN STATUS

13. Defendant agrees that the defendant is not a citizen of the United States, and that the defendant is a native and citizen of Algeria.

14. Defendant acknowledges that because he is not a citizen of the United States, he is subject to the laws, regulations and associated policies of the Bureau of Citizenship and Immigration Services. The defendant has had a full opportunity to explore the ramifications, if any, that this plea of guilty may have upon his status in the United States. He has fully discussed this with his attorney and is satisfied that this plea of guilty is in his best interests. Any effect upon his immigration status is a separate issue which will be determined through the laws, regulations and associated policies, processes and procedures of the Department of Homeland Security.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

15. At sentencing, the government agrees to take no position as to the specific sentence within the Guidelines range determined by the Court.

16. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

c. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement, the government receives previously unknown information regarding the recommendation or factor.



17. At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

18. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. <u>APPEAL RIGHTS</u>

19. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a

sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶ 9 above, notwithstanding the manner in which the Court determines the sentence.



20. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

21. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, ¶ 9 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. TOTAL AGREEMENT AND AFFIRMATIONS

22. This plea agreement represents the total agreement between the defendant, BRAHIM BOUCHAIB, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.



KATHLEEN M. MEHLTRETTER
Acting United States Attorney
Western District of New York

BY: ____________________
TIMOTHY C. LYNCH
Assistant U. S. Attorney

Dated: August 31, 2005

I have read this agreement, which consists of 12 pages. I have had a full opportunity to discuss this agreement with my attorney, TIMOTHY W. HOOVER, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.



BRAHIM BOUCHAIB
Defendant

Dated: August 31, 2005

08/31/05

TIMOTHY W. HOOVER, Esq.
Attorney for the Defendant

Dated: August 31, 2005